IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) Criminal Case No. CR-24-25-RAW |
| | ) |
| TRAVIS WAYNE JONES, | ) |
| | ) |
| Defendant/Movant. | ) |

### ORDER

A *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("motion") was filed by Defendant Travis Wayne Jones ("Defendant") on December 4, 2025. [Doc. 54]. The Government filed a response in opposition to the motion. [Doc. 56]. Defendant did not file a reply.

On May 6, 2024, Defendant pleaded guilty without a plea agreement to one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). [Doc. 32]. A presentence report ("PSR") was prepared by the United States Probation Office. On October 31, 2024, Defendant was committed to the custody of the Bureau of Prisons to be imprisoned for a term of 51 months. [Doc. 47]. Judgment was entered on November 1, 2024. [Doc. 48]. Defendant did not file a direct appeal.

Defendant is an inmate at FCI Texarkana, a BOP facility in Texas. He is 41 years old and his projected release date is September 30, 2027.[1] Defendant seeks compassionate release to provide care for his children. Defendant states that the mother of his children was the children's caregiver. [Doc. 54-1 at 1]. The children were removed from the children's caregiver by the Choctaw Nation and were placed with the children's maternal grandmother. *Id*. Defendant claims the children's current placement is unsuitable for the children. *Id*. at 1-2. Defendant's proposed release plan shows that he has support from his family, and that he owns a home and a business. [Doc. 54-2 at 1]. Defendant claims he "will be attending N.A. [and] A.A. meetings weekly," and

---

[1] *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited February 27, 2026).

"will be able to provide for [his] kids" if the court grants compassionate release. *Id*. He also states that he "will be a respectful law-abiding citizen." *Id*.

The First Step Act, effective December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to authorize a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons."[2] *See* First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239 (2018). In the case at hand, the Government does not contest that Defendant has exhausted his administrative remedies. [Doc. 56 at 3]. The Government, however, argues that a reduction in sentence is not warranted. The Government notes that Defendant "carries a medium risk of recidivism and medium security classification," and "has 'pending charges with the Oklahoma Dept. of Corrections and the Pittsburg County District Court in McAlester, Ok. (CF-2024-010, 019).'" *Id*. In addition, the Government argues that Defendant's release is not warranted by his family's caregiving needs. *Id*. at 7. Further, relying upon U.S.S.G. 1B1.13(a)(2), the Government argues that "this Court may not reduce Defendant's sentence unless it finds 'the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g).'" *Id*. at 11. Lastly, the Government asserts that the factors under 18 U.S.C. § 3553(a) do not support Defendant's request for release. *Id*.

18 U.S.C. § 3582(c)(1)(A) authorizes this court to modify a term of imprisonment, upon a motion filed by a defendant, after the defendant has complied with the statute's exhaustion requirement. A defendant satisfies the exhaustion requirement "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

It appears from the record that this court has authority to consider modification of Defendant's sentence. Defendant requested relief from his warden on October 22, 2025, and the motion was filed with the court on December 4, 2025. [Doc. 54 at 3]. The Government does not contest that Defendant has exhausted his administrative remedies. [Doc. 56 at 3]. Accordingly, Defendant is entitled to move this court for relief.

---

[2] Prior to the First Step Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons.

The Tenth Circuit Court of Appeals reviewed the history and text of 18 U.S.C. § 3582(c)(1)(A)(i) and provided the following guidance to courts considering compassionate-release motions:

> Under the plain language of the statute, a district court may thus grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). The Circuit further explained that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) ("If the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

On November 1, 2023, the Sentencing Commission issued an applicable policy statement for compassionate-release motions filed directly by defendants with the courts. U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). Under the policy statement, the Sentencing Commission has determined that "extraordinary and compelling reasons exist" if a defendant establishes any of the following circumstances or a combination thereof:

> (1) Medical Circumstances of the Defendant.--
>     (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>     (B) The defendant is--
>         (i) suffering from a serious physical or medical condition,
>         (ii) suffering from a serious functional or cognitive impairment, or
>         (iii) experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances--
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>>
>> (iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.--
> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>
> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.
>
> (5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(1)–(6).

The court does not find extraordinary and compelling reasons justifying release in the case at hand. Defendant asserts a claim under U.S.S.G. § 1B1.13(b)(3)(A). He contends that his children were removed from their caregiver (the children's mother) by the Choctaw Nation, that they were placed with the children's maternal grandmother, and that their current placement is unsuitable. Defendant provides no evidence, other than his own statements, in support of the claims.

In response, the Government argues that Defendant's release is not warranted by his family's caregiving needs. [Doc. 56 at 7]. According to the Government, "Defendant cannot show the children would likely be placed with him or that such placement would be in the best interest of the children." *Id.* at 9. The argument is persuasive. Defendant has numerous felony convictions in Oklahoma dating back to 2007 (his criminal history category is a VI, the highest level), and many of the convictions are for drug-related crimes. *See* PSR, ¶¶ 26-32, 35. The Government also correctly notes that Defendant has "a number of relatives who could step in to provide care for the [time] remaining on Defendant's sentence, including the girlfriend's grandmother, his mother and stepfather, as well as his siblings or step-siblings, aunts, cousins and other extended family." [Doc. 56 at 10]. In short, Defendant has not shown that he is the only available caregiver for his children.

The court does not find extraordinary and compelling reasons warranting compassionate release under step one of the test adopted by the Tenth Circuit in *McGee*. As such, the court will

not address whether the factors under 18 U.S.C. § 3553(a) support Defendant's request for compassionate release. Because one of the three prerequisites listed in § 3582(c)(1)(A) is lacking, the court does not need to address the others. See *McGee*, 992 F.3d at 1043.

Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 54] is DENIED.

It is so ordered this 2nd day of March, 2026.

*/s/ Ronald A. White*

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA